IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JAMES WAUGAMAN,
86 Clinton Avenue
Albany, New York 12210

|  | |  |
|---|---|---|
| | Plaintiff, | **Case No.**  1:18-CV-0194 (BKS/CFH) |

　　　-against-

　　　　　　　　　　　　　　　　　　　　　Judge:  Brenda K. Sannes
　　　　　　　　　　　　　　　　　　　　　Magistrate:  Christian F. Hummel

CITY OF ALBANY, NEW YORK,
24 Eagle Street
Albany, New York 12207

　　　　　　　　　　　　Defendants.

# COMPLAINT
# WITH JURY DEMAND

　　　Now comes the Plaintiff, James Waugaman (whereinafter "Waugaman"), and for his Complaint, states as follows:

## INTRODUCTION

1) This Complaint arises out of the physical taking of Waugaman's real property by the City of Albany, New York (hereinafter "City of Albany").  Waugaman is the owner of lands and certain improvements located at 80 Clinton Avenue and 86 Clinton Avenue, both located in Albany, New York.  Waugaman alleges that City of Albany eliminated Waugaman's ingress and egress access to both 80 and 86 Clinton Avenue along the rear of Waugaman's property on Orange Street without due process and

1

without paying just compensation therefor, violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## PARTIES

2) Waugaman is a resident of the United States with a home address of 86 Clinton Avenue, Albany, New York.

3) The City of Albany is a municipal corporation, under the Constitution of the State of New York, whose physical boundaries are located entirely within Albany County, New York and the Northern District of New York.

## JURISDICTION AND VENUE

4) This Court has subject matter jurisdiction over this case under 28 U.S.C. §1331 as this action arises under the Fifth and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution; and under 28 U.S.C. § 1343(a)(4), in that is seeks to recover damages under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights.

5) The venue in this action is proper within this judicial district pursuant to 28 U.S.C. § 1391(b), in that (i) Waugaman and the City of Albany are situated within this judicial district, (ii) all or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, and (iii) all of the property that is the subject of the action is situated within this judicial district.

## CITY OF ALBANY'S PHYSICAL TAKING OF

## TWO PROPERTIES OWNED BY WAUGAMAN

6) The two properties in question are situated within the municipal corporation limited of the City of Albany, New York.

    a. 80 Clinton Avenue fronts Clinton Avenue wherein a rowhouse on the lot consumes the entire front of the lot with no room for vehicular access to the rear and the rear of the property abuts Orange Street, which is a public road or thoroughfare. The only vehicular access to this property was provided through a curb cut on Orange Street.

    b. 86 Clinton Avenue also fronts Clinton Avenue wherein a rowhouse on the lot along with a parking area consumes the entire front of the lot. The parking area is partitioned off with a permanent fence preventing vehicular access to the rear half of the property. Furthermore, the is a steep decline in grade between the front and rear of the property at 86 Clinton Avenue further preventing access to the rear of the property. The rear of the property abuts Orange Street, which is a public road or thoroughfare. The only vehicular access to this property was provided through a curb cut on Orange Street.

    c. In 1999, prior to requesting permission from the City to merge his Clinton Avenue lots with his Orange Street lots, Waugaman had his Orange Street properties surveyed which depicts the curb cuts on Orange Street (see attached Exhibit "A").

7) The two properties presently are developed as residential homes. Such improvements, which included a curb cuts for vehicular ingress and egress onto the

3

rear of the properties from Orange Street (hereinafter "Curb Cuts"), were constructed prior to Waugaman purchasing the lands.

8) In late 2014, the City of Albany physically removed both Curb Cuts by permanently construction an elevated granite barrier where Waugaman's Curb Cuts previously had existed and removing access that led across the right-of-way of Orange Street onto both properties.  Such work was conducted by personnel and/or a subcontractor of the City of Albany, at the request and instruction of the City of Albany.

9) In February of 2016, the City provided a letter to Waugaman advising that "curb cuts, or pavement openings, leading to undeveloped residential lots at 109-117 Orange Street were removed during a city sidewalk reconstruction…"  and that "[t]he new sidewalk did not include durb cuts in the pre-existing curb cut locations." (see attached exhibit "B").  The letter from the City went on to insist that Waugaman needed to apply to get his access back from the Department of Buildings and Regulatory Compliance.   The City reinforced its position in a letter dated February 9, 2016. (see attached exhibit "C").

10) Upon investigating the application procedure referenced in the February 2nd and 9th letters from the City, Waugaman was advised that he would need to pay a $50.00 fee for said application and should he be approved, would be required to pay for the work to reinstall his curb cuts.

11) Access to one's property from a street or highway upon which it abuts is an attribute or component of the property rights an owner enjoys under New York law.

4

12) Since the removal of the Curb Cuts, there is no longer vehicular access to the rear of the properties.

13) Waugaman did not approve or consent to the City of Albany's removal of the Curb Cuts and the installation of a curb to prevent vehicular access onto the properties.

14) In fact, prior to the installation of curb, preventing vehicular access, Waugaman personally advised the City workers that he had curb cuts that needed to be maintained, only to have his Constitutional concerns dismissed without a thought.

15) As a result, the properties are now legally land-locked and Waugaman no longer has marketable title to the same.

**COUNT 1**
**VIOLATIONS OF THE FIFTH AND FOURTTEENTH AMENDMENTS**
**OF THE UNITED STATES CONSTITUTION RELATED TO**
**<u>80 CLINTON AVENUE</u>**

16) Waugaman hereby incorporates by reference the allegations in Paragraphs 1 through 13 as if set forth fully herein.

17) The Fifth Amendment to the United States Constitution prevents the taking of private property for public use without due process and without just compensation.

18) All acts alleged herein of the City, its members, officers, agents, servants, employees, or persons acting at its behest or direction, were done and are continuing to be done under the color and pretense of State Law.

19) The removal of the curb cut at 80 Clinton Avenue and the installation of a new curb in its place along the rear of the property on Orange Street by City of Albany constitutes a taking of the property of Waugaman.

5

20) Waugaman was provided neither due process nor just compensation for the taking of his property, namely the right to access Orange Street along the rear of his property at 80 Clinton Avenue.

21) Such taking without due process and without just compensation are violations of the rights of Waugaman under the Fifth and Fourteenth Amendments to the United States Constitution.

22) The physical taking of the property of Waugaman without due process and without just compensation is a *per se* violation of the Fifth and Fourteenth Amendments to the United States Constitution.

23) Waugaman has suffered damages as a result of the takings of his property at 80 Clinton Avenue.

**COUNT 2**
**VIOLATIONS OF THE FIFTH AND FOURTTEENTH AMENDMENTS**
**OF THE UNITED STATES CONSTITUTION RELATED TO**
**86 CLINTON AVENUE**

24) Waugaman hereby incorporates by reference the allegations in Paragraphs 1 through 21 as if set forth fully herein.

25) The Fifth Amendment to the United States Constitution prevents the taking of private property for public use without due process and without just compensation.

26) All acts alleged herein of the City, its members, officers, agents, servants, employees, or persons acting at its behest or direction, were done and are continuing to be done under the color and pretense of State Law.

27) The removal of the curb cut at 86 Clinton Avenue and the installation of a new curb in its place along the rear of the property on Orange Street by City of Albany constitutes a taking of the property of Waugaman.

28) Waugaman was provided neither due process nor just compensation for the taking of his property, namely the right to access Orange Street along the rear of his property.

29) Such taking without due process and without just compensation are violations of the rights of Waugaman under the Fifth and Fourteenth Amendments to the United States Constitution.

30) The physical taking of the property of Waugaman without due process and without just compensation is a *per se* violation of the Fifth and Fourteenth Amendments to the United States Constitution.

31) Waugaman has suffered damages as a result of the takings of his property at 86 Clinton Avenue.

WHEREFORE, Plaintiff, James Waugaman, prays for the following relief:

A. As to both Counts, an award of damages to Waugaman from the City of Albany in such amount as may be established at a jury trial in this matter; and

B. As to both Counts, pursuant to 42 U.S.C. §1988 and other applicable law, an award to Waugaman from the City of Albany of Waugaman's costs and expenses incurred in the litigation necessary to assure that the Constitutional rights of Waugaman are preserved and vindicated, including without limitation their reasonable attorneys' fees; and

C. As to both counts, such other and further relief as this Court deems equitable, just and proper.

Respectfully Submitted,

Dated:   February 14, 2018          Law Office of Teresi & Little PLLC.


By: _____

       Gregory J. Teresi
       Bar Roll No. 513693
Attorney for the Plaintiff, *James Waugaman*
21 Colvin Avenue
Albany, New York 12206
(518) 543-5291
(518) 543-5290 – FAX

8