UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES WAUGAMAN,

          Plaintiff,    1:18-cv-00194 (BKS/CFH)

v.

CITY OF ALBANY, NEW YORK,

          Defendant.
_____

**Appearances:**

*For Plaintiff:*
Gregory J. Teresi, Esq.
Bartlett, Pontiff, Stewart & Rhodes, P.C.
One Washington Street, P.O. Box 2168
Glens Falls, N.Y. 12801

*For Defendant:*
Stephen J. Rehfuss, Esq.
The Rehfuss Law Firm, P.C.
40 British American Boulevard
Latham, N.Y. 12110

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

    Plaintiff James Waugaman brings this action under 42 U.S.C. § 1983 against Defendant City of Albany, New York (the "City") alleging violations of his Fifth and Fourteenth Amendment rights. (Dkt. No. 1). Plaintiff alleges that his property was physically taken "without due process and without just compensation" when Defendant removed curb cuts that previously offered ingress and egress to Plaintiff's properties. (*Id.* ¶ 1). Presently before the Court is

Defendant's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 11). For the reasons set forth below, Defendant's motion is denied.

## II. FACTS[1]

Plaintiff owns two adjacent properties in the City of Albany, located at 80 Clinton Avenue and 86 Clinton Avenue (the "properties"). (Dkt. No. 1, ¶ 6; Dkt. No. 1-1). Together, these properties feature two rowhomes and a parking area, all abutting Clinton Avenue. (Dkt. No. 1, ¶ 6). The only way to access the properties by vehicle was through "a curb cut on Orange Street." (*Id.* ¶¶ 6–7). In 2014, the City removed the curb cuts as part of a sidewalk reconstruction project. (*Id.* ¶ 8). Plaintiff "did not approve or consent" to the City's removal of the curb cuts. (*Id.* ¶ 13). Removing the curb cuts eliminated all vehicular access to the properties. (*Id.* ¶¶ 6, 12).

In a letter dated February 2, 2016, the City's corporation counsel advised Plaintiff that, "[i]n order to ensure compliance with the terms of the federal funding that financed the project, the city must review curb cut applications against zoning and parking law." (Dkt. No. 1-2). To have his curb cuts restored, Plaintiff was advised to "apply for a pavement opening permit," for which he would have to pay a $50.00 fee, plus the cost to reinstall the curb cuts, should his application be approved. (*Id.*; Dkt. No. 1, ¶ 10). On February 9, 2016, the City's corporation counsel again advised Plaintiff by letter to apply for a "pavement opening permit." (Dkt. No. 1-3, at 1).

As a result of the curb cut removal, Plaintiff claims that his properties have become "legally land-locked" and that he has suffered damages, including the loss of marketable title to the properties. (Dkt. No. 1, ¶¶ 15, 23, 31).

---

[1] The facts are drawn from the Complaint and its exhibits. (Dkt. No. 1). For the purposes of this motion, the Court assumes their truth and draws all reasonable inferences in Plaintiff's favor. *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

## III. LEGAL STANDARD

"The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, "[t]o survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court will grant a motion for judgment on the pleadings "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, 594 F. Supp. 2d 334, 340 (S.D.N.Y. 2008). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

## IV. DISCUSSION

Defendant seeks to dismiss both Plaintiff's Fifth and Fourteenth Amendment claims. (Dkt. No. 11-4, at 4–8). Defendant argues that Plaintiff's claims are unripe for review under the Supreme Court's two-prong test in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), *overruled in part by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). Defendant argues that the Complaint fails both prongs because Plaintiff neither

"followed the established administrative procedures for applying for a curb cut permit," nor "availed himself of available state remedies to obtain just compensation." (Dkt. No. 11-4, at 7–8). Plaintiff responds that the Complaint should not be dismissed for lack of ripeness and that he was deprived of due process because he did not receive notice or a hearing.[2] (Dkt. No. 15, at 4–7).

"To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question." *Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 511 (2d Cir. 2014) (quoting *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013)). "A claim is not ripe if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all. The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (quotation marks and internal citation omitted).

Under *Williamson County*, a takings claim is not ripe for federal review until "(1) the state regulatory entity has rendered a 'final decision' on the matter, and (2) the plaintiff has sought just compensation by means of an available state procedure." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Williamson Cty.*, 473 U.S. at 186, 194–95). The Second Circuit has extended the ripeness analysis from *Williamson County* to, inter alia, procedural due process claims. *Dougherty*, 282 F.3d at 89 (applying "the *Williamson* test" to procedural due process claims). While this motion was pending, the Supreme

---

[2] It its opening brief, Defendant sought dismissal solely on the ground that Plaintiff's claims were not ripe and did not address the plausibility of the procedural due process claim. (*See generally* Dkt. No. 11-4). The first time Defendant addressed whether the Complaint stated a due process claim was in its reply. (*See* Dkt. No. 16, 6–8). Although Plaintiff raised this issue on his own, by failing to initially brief it, Defendant nevertheless "preclud[ed] the [P]laintiff from offering a meaningful response" to its arguments on this claim. *See Frink Am., Inc. v. Champion Rd. Mach. Ltd.*, 48 F. Supp. 2d 198, 208 (N.D.N.Y. 1999). The Court, therefore, does not consider this argument. *See Morgan v. McElroy*, 981 F. Supp. 873, 876 n.3 (S.D.N.Y. 1997) ("It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief.").

4

Court overruled *Williamson County*'s "state-litigation requirement." *See Knick*, 139 S. Ct. at 2167.

Regarding the first prong, finality, Defendant's *Williamson County* analysis misses the mark. In *Williamson County*, the Supreme Court considered the justiciability of a regulatory takings claim, which concerned a landowner's ability to develop property within the bounds of a new zoning ordinance. 473 U.S. at 178–79. Here, however, the finality analysis differs because Plaintiff has plausibly alleged a physical taking. "The law recognizes two species of takings: physical takings and regulatory takings." *Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362, 374 (2d Cir. 2006). A physical taking "occurs when there is either a condemnation or a physical appropriation of property." *1256 Hertel Ave. Assocs., LLC v. Calloway*, 761 F.3d 252, 263 (2d Cir. 2014) (citing *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002)). "[A]n alleged physical taking is by definition a final decision for the purpose of satisfying *Williamson's* first requirement." *Juliano v. Montgomery-Otsego-Schoharie Solid Waste Mgmt. Auth.*, 983 F. Supp. 319, 323 (N.D.N.Y. 1997).

"A regulatory taking, by contrast, occurs where even absent a direct physical appropriation, governmental regulation of private property 'goes too far' and is 'tantamount to a direct appropriation or ouster.'" *1256 Hertel Ave. Assocs.*, 761 F.3d at 263 (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005)). Regulatory takings "do not involve 'a categorical assumption of property,' by the Government." *Merrick Gables Ass'n, Inc. v. Town of Hempstead*, 691 F. Supp. 2d 355, 360 (E.D.N.Y. 2010) (citing *Buffalo Teachers Fed'n*, 464 F.3d at 374). "The gravamen of a regulatory taking claim is that the state regulation goes too far and in essence 'effects a taking.'" *Buffalo Teachers Fed'n*, 464 F.3d at 374 (quoting *Meriden Tr. & Safe Deposit Co. v. F.D.I.C.*, 62 F.3d 449, 454 (2d Cir. 1995)).

5

Here, the Complaint does not allege "a law or regulation which is alleged to go too far in burdening property." *Palazzolo v. Rhode Island*, 533 U.S. 606, 620 (2001). Rather, Plaintiff has alleged that the City "physically removed" both existing curb cuts on the properties by permanently constructing "an elevated granite barrier" where the curb cuts had previously been. (Dkt. No. 1, ¶ 8). Plaintiff further alleges the properties are no longer accessible by vehicle and that he has lost "marketable title" to them. (*Id.* ¶¶ 12, 15). *See Preschool Dev., Ltd. v. City of Springboro*, No. 04-cv-348, 2005 WL 1038849, at *6, 2005 U.S. Dist. LEXIS 35535, at *17 (S.D. Ohio May 4, 2005) (explaining that it "is clear that a regulatory taking [was] not present" where city removed curb cuts offering vehicular access to the plaintiff's property); *see also Bassett, New Mexico LLC v. United States*, 136 Fed. Cl. 81, 85 (2018), *aff'd*, 771 F. App'x 479 (Fed. Cir. 2019) ("The case law provides that a physical takings analysis is appropriate in circumstances involving a physical impediment to access."). Accordingly, the Court finds Plaintiff has plausibly alleged a physical taking of his property. This in itself "satisfies the need to show finality." *Kurtz*, 758 F.3d at 513.

Defendant's arguments under *Williamson County*'s second prong also fail. Recognizing that state-court decisions on takings claims generally have "preclusive effect in any subsequent federal suit," the *Knick* Court found that the second prong of *Williamson County* "impose[d] an unjustifiable burden on takings plaintiffs." 139 S. Ct. at 2167–68. Thus, "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it." *Id.* at 2170; *id.* at 2168 ("[T]he property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under § 1983 at that time."). Indeed, the Second Circuit has acknowledged that "*Knick* eliminated the state-exhaustion

requirement" to establish a ripe taking claim. *Sagaponack Realty, LLC v. Village of Sagaponack*, 778 F. App'x 63, 64 (2d Cir. 2019). Accordingly, Plaintiff's takings claim, as alleged, is ripe for federal review even assuming he did not exhaust his state remedies. *See Chompupong v. City of Schenectady*, No. 17-cv-929, 2019 WL 3321874, at *8–9, 2019 U.S. Dist. LEXIS 122883, at *27–28 (N.D.N.Y. July 24, 2019) (allowing takings claim to proceed where it previously would have failed under second prong of *Williamson County*).

## V.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 11) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated: February 5, 2020
Syracuse, New York

*[signature]*
Brenda K. Sannes
U.S. District Judge